# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**In Re: I.M., M.M., & K.M.**

**No. 15-0307** (Mercer County 13-JA-40, 13-JA-41 & 13-JA-42)

**FILED**

September 21, 2015

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Father M.M., by counsel John C. Byrd, appeals the Circuit Court of Mercer County's March 6, 2015, order terminating his parental, custodial, and guardianship rights to I.M., M.M., and K.M. The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Lee Niezgoda, filed its response in support of the circuit court's order. The guardian ad litem ("guardian"), Jennifer Alvarez, filed a response on behalf of the children in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in terminating his parental, custodial, and guardianship rights based solely upon his incarceration.[1]

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In April of 2013, the DHHR filed an abuse and neglect petition against petitioner alleging that petitioner failed to properly supervise his children; committed domestic violence in the children's presence; abused drugs and alcohol; committed emotional and physical abuse towards the children, which included holding a knife to K.M.'s throat; and subjected his children deplorable living conditions. In August of 2013, petitioner stipulated to general neglect and subjecting his children to deplorable living conditions. The circuit court granted petitioner a post-adjudicatory improvement period.

The circuit court held its first review hearing on the progress of petitioner's post-adjudicatory improvement period in November of 2013. The DHHR presented testimony that petitioner was progressing with his improvement period and that the children were thriving. Therefore, the circuit court continued petitioner's post-adjudicatory improvement period. A second review hearing was held in February of 2014, during which the DHHR testified that

---

[1]We note that West Virginia Code §§ 49-1-1 through 49-11-10 were repealed and recodified during the 2015 Regular Session of the West Virginia Legislature. The new enactment, West Virginia Code §§ 49-1-101 through 49-7-304, has minor stylistic changes and became effective ninety days after the February 19, 2015, approval date. In this memorandum decision, we apply the statutes as they existed during the pendency of the proceedings below.

petitioner was doing "fairly well" but still needed to show additional improvement before they could recommend reunification. Accordingly, the circuit court extended petitioner's post-adjudicatory improvement period. A third review hearing was held in May of 2014. The DHHR presented testimony that petitioner's children were in the car when he was arrested for his third offense of driving under the influence. The DHHR also presented evidence of a domestic violence dispute in which the children's mother suffered a broken foot. The DHHR moved to proceed with disposition.

In August of 2014, the circuit court held its first dispositional hearing. The DHHR testified that, while the original abuse and neglect petition included allegations of alcohol abuse, it failed to offer petitioner services to address this condition during his post-adjudicatory improvement period. The circuit court acknowledged that the DHHR failed to offer petitioner adequate alcohol abuse services and held its ruling in abeyance pending petitioner's criminal sentencing related to his arrest for driving under the influence. Thereafter, the circuit court sentenced petitioner to a term of incarceration of one to three years for attempt to commit a felony and a term of incarceration of one to five years for child neglect creating substantial risk of bodily injury. The following month, the circuit court proceeded with the continued dispositional hearing. Based upon the DHHR's prior testimony, the circuit court suspended petitioner's criminal sentence, placed him on probation for five years, and granted him a dispositional improvement period so that he could receive alcohol abuse treatment at Fellowship House, a facility designed to treat alcohol and substance abuse. The circuit court specifically warned petitioner that it would terminate his parental rights if he "fail[ed] to attend a meeting [he] was supposed to attend."

In March of 2015, the circuit court held a review hearing on the progress of petitioner's dispositional improvement period. The DHHR provided testimony that petitioner was discharged from Fellowship House for not following the rules and for stealing from another resident. The circuit court found that there was no reasonable likelihood that petitioner could substantially correct the conditions of neglect in the near future and terminated his parental, custodial, and guardianship rights to the children. This appeal followed.

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011).

On appeal, petitioner argues that the circuit court erred in terminating his parental, custodial, and guardianship rights based solely upon his incarceration. This Court disagrees. Pursuant to West Virginia Code § 49-6-5(a)(6), circuit courts are directed to terminate parental rights when they find that there is no reasonable likelihood that a parent could substantially correct the conditions of neglect in the near future and that termination is necessary for the children's welfare. West Virginia Code § 49-6-5(b)(3) provides that no reasonable likelihood that the conditions of abuse or neglect can be substantially corrected exists when "[t]he abusing parent . . . [has] not responded to or followed through with a reasonable family case plan or other rehabilitative efforts[.]" The circuit court was presented with overwhelming evidence that petitioner failed to follow through with his dispositional improvement period. As noted above, the circuit court suspended petitioner's criminal sentence and placed him on probation so that he could receive appropriate services to address his alcohol abuse. However, the DHHR presented uncontested evidence that petitioner was discharged from his alcohol abuse treatment program for failing to follow Fellowship House rules and for stealing from another resident. This evidence supports the circuit court's conclusion that petitioner failed to comply with his dispositional improvement period. Importantly, the circuit court's order terminating petitioner's parental, custodial, and guardianship rights was based upon this failure, not his incarceration.

For the foregoing reasons, we find no error in the decision of the circuit court and its March 6, 2015, order is hereby affirmed.

Affirmed.

**ISSUED**: September 21, 2015

**CONCURRED IN BY**:

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II